```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ABDUL MANSARAY, et al. | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 12-6262 (JBS/AMD) |
| v. | |
| WILLIAM PUMPHREY, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

George R. Szymanski, Esq.
LAW OFFICES OF GEORGE R. SZYMANSKI
1370 Chews Landing Road
Laurel Springs, NJ 08021
    Attorney for Plaintiffs

Dean R. Wittman, Esq.
Michael J. Huntowski, Esq.
Matthew B. Wieliczko, Esq.
ZELLER & WIELICZKO LLP
120 Haddontowne Court
Cherry Hill, NJ 08034
    Attorneys for Defendants

**SIMANDLE,** Chief Judge:

## I. INTRODUCTION

Before the Court is Defendants' unopposed motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 16(f) for Plaintiffs' repeated failure to comply with the Court's scheduling orders and Defendants' discovery requests. [Docket Item 18-2.] Plaintiffs have missed a series of discovery deadlines, have failed to provide certifications to their answers to interrogatories, and

Plaintiffs' counsel has informed the Court that his clients have not responded to his repeated requests to cooperate with the litigation and "apparently . . . have no desire to pursue this lawsuit." [Docket Item 20.] For the reasons explained below, the motion to dismiss is granted.

## II. Background

Plaintiffs Abdul Mansaray and Tyrik Bond[1] allege that in 2010 they were arrested without probable cause by Defendants William Pumphrey and Anthony McVeigh, a patrolman and detective sergeant of the Berlin Township Police Department, respectively. (Compl. ¶¶ 3-5.) Plaintiffs also allege that the Defendants searched their car and persons without a warrant, maliciously prosecuted them and conspired to deprive them of their Constitutional rights. (Compl. ¶ 10.) Plaintiffs allege that they were incarcerated for a few days, and, as a result, lost their jobs and suffered economic losses and emotional distress. (Compl. ¶¶ 7-8.) The criminal charges[2] were administratively dismissed several months later. (Compl. ¶ 9.) Plaintiffs brought this action in state court, for violations of the Fourth, Fifth and

---

[1] Mr. Bond's first name is spelled at least three different ways in different documents: Tyrik (caption of the Complaint), Tyreek (July 25, 2013, letter by Plaintiffs' counsel), and Tyriek (September 13, 2012, letter by Plaintiffs' counsel).

[2] Mr. Mansaray and Mr. Bond were charged with "hindering the apprehension of another person, and conspiracy to distribute drugs." (Compl. ¶ 5) (internal citations omitted).

2

Fourteenth Amendments to the U.S. Constitution, pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1986. (Compl. ¶ 10.) Defendants removed the action to this Court because the Complaint raised questions of federal law. [Docket Item 1.]

On November 1, 2012, Magistrate Judge Ann Marie Donio entered the first of several scheduling orders in this matter. [Docket Item 7.] Upon request of Plaintiff's counsel, George R. Szymanski, Esq., the initial scheduling conference was postponed to November 26, 2012. [Id.] This and all subsequent scheduling orders included the warning that: "THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f)." [Id.] On November 26, 2012, Judge Donio ordered that initial written discovery requests be served by December 21, 2012, and extended the pretrial factual discovery to June 28, 2013. [Docket Item 8.]

Defendants served Plaintiffs' attorney with demands for discovery on November 26, 2012. (Wittman Aff. [Docket Item 18-1] ¶ 5.) At a status conference on February 15, 2013, Plaintiffs' responses were overdue. (Id. ¶ 6.) Judge Donio ordered Plaintiffs to provide responses to discovery requests by March 15, 2013. [Docket Item 11.] No responses were served by that date. On April 8, 2013, Plaintiffs' counsel provided Plaintiff Bond's uncertified answers to interrogatories, but did not produce responses for Plaintiff Mansaray. (Wittman Aff. ¶¶ 8-9.) Judge

3

Donio entered a new scheduling order requiring Plaintiffs to certify their answers to interrogatories by April 22, 2013, and Defendants to respond to outstanding discovery requests by the same date. [Docket Item 13.] Defendants filed their responses on April 17, 2013, in accordance with the order. (Wittman Aff. ¶ 13.)

By May 10, 2013, Plaintiffs still had not provided certifications, and Defense counsel Matthew B. Wieliczko, Esq., requested leave to file a motion to dismiss. [Docket Item 15.] Judge Donio entered a text order on the docket ordering "[a]ny motion to dismiss shall be filed no later than July 12, 2013." [Docket Item 17.] Defendants filed the present motion on July 2, 2013. [Docket Item 18.] On July 25, 2013, Plaintiffs' counsel wrote a letter to the Court, with a copy to opposing counsel, stating that

> I do not intend to file any opposition [to the motion to dismiss] because apparently the plaintiffs have no desire to pursue this lawsuit. Shortly before and after I filed the complaint, I have tried on multiple occasions to communicate with Mr. Mansaray and Mr. Bond, by phone and in writing, in order to enlist their cooperation in pursuing this litigation, but they will not respond to me.

[Docket Item 20.] In writing such a letter, Mr. Szymanski acted with professionalism and satisfied his duty of candor to the Court. An attorney who endures the indifference of his or her clients to their litigation obligations, despite repeated attempts to secure the clients' cooperation, has the duty to

disclose that circumstance to the adversary and to the Court.

**III. Discussion**

Fed. R. Civ. P. 16(f) provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery," the court may issue further just orders, including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Although the Court has "inherent authority to control its docket" and may dismiss a case pursuant to that authority or as provided under the Federal Rules of Civil Procedure, "'dismissals with prejudice . . . are drastic sanctions[.]'" Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir. 2013) (quoting Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984)); see also Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962) ("when

circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting"). The Court must consider the six factors enumerated in Poulis before dismissing a case pursuant to its inherent authority or Rules 16(f) & 37(b). Knoll, 707 F.3d at 409. The Poulis factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868 (emphasis in original).

These factors, on balance, weigh heavily in favor of dismissal. The Plaintiffs' failure to provide certified answers to interrogatories (or, in the case of Mr. Mansaray, any answers at all) appears to be solely the responsibility of the parties, and not their counsel, who now represents that his repeated attempts to contact and gain the cooperation of his clients have failed. Plaintiffs have missed a series of discovery deadlines in contravention of Judge Donio's scheduling orders and have yet to provide certified answers to interrogatories that were due months ago. Plaintiffs thus have a history of dilatoriness. Plaintiffs' disappearance from this litigation appears to be at least willful, if not necessarily in bad faith. They have not responded

6

to their attorney's written and oral requests, and neither the Court nor Plaintiffs' counsel have received any indication from the Plaintiffs that they desire to seek relief through this lawsuit. Judge Donio repeatedly exercised her discretion toward leniency and extended deadlines to allow Plaintiffs to comply with discovery requests and orders; however, there is no indication that more extensions or alternate sanctions would be sufficient to gain compliance. As Defendants observe, "the matter cannot be litigated without the participation of Plaintiffs." (Def. Mot. Br. at 5.)

Defendants argue that they have suffered prejudice from Plaintiffs' dilatoriness because "[w]ithout Plaintiffs' discovery responses, Defendants cannot adequately prepare their defenses to Plaintiffs' claims." (Def. Mot. Br. at 4.) It is a "fundamental maxim of discovery that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for S. Dist. of Iowa, 482 U.S. 522, 540 n.25 (1987) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). Defendants have also been prejudiced by having to provide discovery and defend against allegations that are no longer being pursued, at considerable expenditure of time and money, including participating in several scheduling and discovery conferences with the Magistrate Judge. Defendants certainly are prejudiced by

7

Plaintiffs' silence.

Finally, <u>Poulis</u> requires the Court to consider the merits of Plaintiffs' claims. Plaintiffs' Complaint, originally filed in New Jersey Superior Court, is only 10 paragraphs long and contains scant detail about the alleged offenses of Defendants. [Docket Item 1, Ex. A.] The Complaint alleges in conclusory fashion that Plaintiffs were arrested without probable cause and that they were falsely imprisoned and maliciously prosecuted. (Compl. ¶¶ 5, 10.) The Court cannot determine from the factual content of the Complaint whether, if proved, Plaintiffs' claim would be meritorious. If the Complaint's legal conclusions are accepted as true, Plaintiffs potentially have a meritorious claim. Of course, the Court need not accept mere legal conclusions in a complaint as true for purposes of evaluating the strength or validity of a pleading. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) ("a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth"). This factor is, at best, neutral in the <u>Poulis</u> analysis.

Overall, the <u>Poulis</u> analysis indicates that dismissal is warranted. <u>See</u> <u>Dos Santos v. Borough of Flemington</u>, No. 10-1348, 2012 WL 406402, at *7-*8 (D.N.J. Jan. 4, 2012), <u>adopted</u> <u>by</u> 2012 WL 405717 (D.N.J. Feb. 8, 2012) (recommending dismissal pursuant

to Rules 16(f) & 37(b) when the first five Poulis factors weighed in favor of the defendants and the court made no finding as to the merit of the plaintiff's claims; the plaintiff failed to cooperate in the discovery process). The Court cannot overlook the fact that Plaintiffs have repeatedly failed to comply with scheduling orders and supply discovery ordered by the Court. Plaintiffs are subject to sanctions under Rules 16(f) & 37(b)(2)(A). That Mr. Mansaray and Mr. Bond have been absent or uncooperative in prosecuting their own Complaint militates in favor of dismissal. Therefore, the Defendants' unopposed motion to dismiss the Complaint with prejudice is granted.

## IV. Conclusion

For the reasons explained above, the unopposed motion to dismiss is granted. An accompanying Order will be entered.

**August 5, 2013**             **s/ Jerome B. Simandle**
Date            JEROME B. SIMANDLE
           Chief U.S. District Judge